CASANUEVA, Judge.
 

 Appellants seek review of an order assigning rents to Appellees during the pen-dency of a foreclosure case. We reverse because Appellees only held a partial interest in the note and mortgage at issue and thus were not authorized to enforce any provisions of those instruments.
 

 Appellees, plaintiffs below, collectively owned an approximate 78% interest in the note and mortgage on property owned by ISRA Homes, Inc., the borrower. Ariel S. Bergerman and Lendholders Trust, LLC, owned the remaining interest in the note and mortgage. Appellees filed a foreclosure action against ISRA Homes, while Bergerman and Lendholders Trust refused to join in the lawsuit.
 
 [1]
 
 During the pendency of the foreclosure action, Appel-lees moved for an assignment of rents collected on the subject property based upon the enforcement mechanism contained within the text of the note and mortgage. The trial court granted the motion over Appellants’ objections.
 

 On appeal, Appellants argue that Appel-lees were not entitled to enforce any provision of the note and mortgage because they did not constitute 100% of those identified as payees under the terms of the instrument. The plain meaning of the applicable statutes supports this argument.
 

 Two sections of chapter 673, Florida Statutes (2006), govern this case. Section 673.3011 defines who may enforce an instrument:
 

 The term “person entitled to enforce” an instrument means:
 

 (1) The holder of the instrument;
 

 
 *726
 
 (2) A nonholder in possession of the instrument who has the rights of a holder; or
 

 (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).
 

 Appellees described themselves as holders below because they held a substantial interest in the note. But they also admitted that other persons who had not joined • the suit owned the remaining percentage. Another section of chapter 673 expressly applies to situations like this in which an instrument is payable to two or more persons:
 

 If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument.
 
 If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them.
 

 § 673.1101(4) (emphasis added).
 

 The documents cited in this case reflect that the payees hold their interests “not alternatively.” Therefore, only
 
 all of the payees
 
 could seek enforcement by way of assignment of rents. Because Appellees only constituted
 
 some of the payees,
 
 section 673.1101(4) prevented them from seeking assignment of rents. Consequently, the trial court erred in granting an assignment of rents to Appellees. We therefore reverse the order on appeal and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 WALLACE and BLACK, JJ., Concur.
 

 [1]
 

 . Ariel S. Bergerman was also a personal guarantor on the note and mortgage. We surmise that this may have been the reason Bergerman refused to join in the foreclosure action. Appellees joined Bergerman and Lendholders Trust as defendants below.